UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOHN THOMAS ENTLER,

           Plaintiff,

v.

ROBERT HERZOG, et al.,

           Defendants.

NO: 4:17-CV-5118-TOR

ORDER DENYING LEAVE TO PROCCEED *IN FORMA PAUPERIS,* DISMISSING ACTION AND DENYING MOTIONS

By Order filed October 18, 2017, the Court instructed Plaintiff, a *pro se* prisoner at the Washington State Penitentiary ("WSP") to show cause why he should be allowed to proceed *in forma pauperis.* ECF No. 9. In response, Plaintiff has submitted a Motion for Reconsideration, ECF No. 11, a Motion for Emergency Preliminary Injunction, ECF No. 12, an Amended Motion for Reconsideration, ECF

ORDER DENYING LEAVE TO PROCCEED *IN FORMA PAUPERIS,* DISMISSING ACTION AND DENYING MOTIONS -- 1

No. 13, and a proposed First Amended Complaint consisting of 130 pages, ECF No. 14.

Based on Mr. Entler's litigation history, he has lost the privilege of filing this action *in forma pauperis* unless he can demonstrate that he was "under imminent danger of serious physical injury" when he submitted his complaint on July 27, 2017. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

Plaintiff does not refute the Court's finding that he has brought at least three other cases in this District which were dismissed as frivolous, malicious or for failure to state a claim. *See Entler v. John Doe, et al.,* 2:12-cv-05003-RMP (dismissed with prejudice for failure to state a claim 5/10/12, Ninth Circuit deemed appeal frivolous [12-35459] and Mandate was issued 11/28/12); *Entler v. Young,* 2:12-cv-05010-LRS (dismissed with prejudice for failure to state a claim 5/30/12, Ninth Circuit affirmed on appeal [12-35495] 4/23/13); and *Entler v. Clark,* 2:12-cv-05076-LRS (dismissed with prejudice for failure to state a claim 10/22/12, Ninth Circuit deemed appeal frivolous [12-35940] and Mandate was issued 2/26/13).

Plaintiff's contention that he has suffered from depression since age 14 and Defendants' actions cause him suicidal ideations, without any assertion that he has been denied mental health treatment, is not sufficient to show he was under imminent danger of serious physical injury. Likewise, his assertion that a computer system exposes his criminal history to other inmates, without any assertion that named

Defendants have denied him protective housing based on threats from other inmates, does not make the requisite showing of imminent danger of serious physical harm.

In his proposed amended complaint, Plaintiff asserts that at the time he filed his complaint, another inmate screams at him, saying he will "kick Mr. Entler's ass or kill him for looking in his cell, because Mr. Entler is a rapist." ECF No. 14-1 at 17. Plaintiff does not allege that he was unprotected from this other inmate (i.e., housed together in a common area where they must eat and recreate together). The Court finds Plaintiff's assertions do not show imminent danger of serious physical injury[1].

As previously noted a prisoner cannot create the imminent danger required by § 1915(g). Persuasive authority from other courts has held that a prisoner's threat of self-harm does not constitute "imminent danger of serious physical injury" under 28 U.S.C. § 1915(g). *See e.g., Widmer v. Butler,* 2014 WL 3932519, at *2 (S.D. Ill. Aug. 12, 2014) (holding prisoner may not escape the three strikes provision of the PLRA by inflicting "imminent danger" on himself*); Pauline v. Mishner,* 2009 WL 1505672, at *2 (D. Haw. May 28, 2009) ("Although Plaintiff states that he has harmed himself again, may be suicidal, and may harm others, Plaintiff has not shown

---

[1] The Court notes that it is not bound by the preliminary determination of a magistrate judge in a different case in a different court on this issue.

ORDER DENYING LEAVE TO PROCCEED *IN FORMA PAUPERIS,* DISMISSING ACTION AND DENYING MOTIONS -- 3

that he was in imminent danger of serious physical injury when he filed this complaint."); *Cooper v. Bush*, 2006 WL 2054090 (M.D. Fla. July 21, 2006) (plaintiff's allegations that he will commit suicide, or that he has already attempted suicide and will do so again, are insufficient to show imminent danger).

Plaintiff claims he has a prior history of hanging himself, ECF No. 14 at 12. He does not allege that he was denied appropriate psychiatric medication for his depression in July 2017. He does not allege that he was provided access to materials to commit self-harm, or that he was left unsupervised when he advised mental health professionals of his suicidal ideation. There is no Ninth Circuit precedent stating that an inmate's suicidal ideation alone is sufficient to meet the imminent-danger exception under Section 1915(g).

Having liberally construed Plaintiff's submissions in the light most favorable to him, the Court finds that § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Therefore, **IT IS ORDERED** Plaintiff's application to proceed *in forma pauperis* is **DENIED.**

Although granted the opportunity to do so, Plaintiff did not pay the requisite fee of $400.00 to commence this action. Therefore, **IT IS ORDERED** this action is dismissed without prejudice for failure to comply with 28 U.S.C. § 1914.

//

//

## MOTIONS FOR RECONSIDERATION

An order that resolves fewer than all the claims among the parties—that is, a non-final order—"may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000); *see Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514-15 (9th Cir. 2003) (noting that motions for reconsideration of non-final orders are not subject to the strict standards applicable to motions for reconsideration of final judgment).

Plaintiff's request for reconsideration is denied. The Court finds no reason to amend its prior ruling directing him to show cause why he should be granted leave to proceed *in forma pauperis*. Again, he does not refute the finding that he has accumulated three "strikes" under 28 U.S.C. § 1915(g).

Plaintiff's assertion in his initial complaint regarding a computer system which made his criminal information available to other inmates, in the absence of any allegation that Defendants had denied Plaintiff protective housing when threats were brought to their attention, failed to show an imminent danger of serious physical injury on July 27, 2017, when he submitted his complaint. *See e.g. Williams v. Paramo,* 775 F.3d 1182, 1186 (9th Cir. 2015) (Defendant stated "So what! That

is not my problem!" when prisoner reported threats and another defendant refused to file grievances and rejected prisoner's appeal seeking protection).

In his amended motion for reconsideration, Plaintiff attempted to buttress his allegation that his suicidal ideations created an imminent danger of serious injury sufficient to exempt him from the preclusive effects of 28 U.S.C. § 1915(g). Plaintiff, however, has alleged no facts showing how Defendants failed to protect him from the imminent danger of harm.

Accordingly, Plaintiff's motions for reconsideration, ECF Nos. 11 and 13, are **DENIED.**

Based on the disposition of this action, Plaintiff's pending motion for injunctive relief, ECF No. 12, is **DENIED as moot.**

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff at his last known address, and **close** the file.

**DATED** December 18, 2017.



THOMAS O. RICE
Chief United States District Judge